Curia, per Wardlaw, J.
The defendant filed two pleas : First, that the bonds were procured by certain fraudulent representations, made by the plaintiff to the defendant : Second, that they were void for fraud generally. A single replication to the two pleas traversed all fraud as alleged, and issue was joined.
In support of the first plea, the defendant offered to prove that J. S. Colburn, the plaintiff, was a secret partner with B. P. Colburn <fc Isaac Mordecai, and that the judgment for which the bonds were given was fraudulently confessed by the ostensible partners to the secret partner.
Now it may be that, upon the second plea, the defendant was estopped by his seal from contesting the consideration of the bonds, and that the only fraud he should have been permitted to shew, was such fraud as made the bonds void ab initio, — that is, fraud in the execution of the bonds, and not fraud in the previous transactions which induced them, (6 Munf. 358; 2 Johns. R. 177,) and it may be that the first plea was bad, and should have been met by a demurrer. (See Cowp. 47; 13 Johns. R. 430.)
But the evidence offered was pertinent to the issue joined on the first plea, and, (without deciding whether a repleafier or a judgment for the defendant should have followed a general verdict for the defendant, upon an issue joined on the first plea only,) it is sufficient to say that, upon the trial of the issue, the evidence should have been heard. (6 Munf. 120 ; 2 Rand. 426.) Of itself, it would not have availed the defendant, but accompanied by proof of the defendant’s having been induced to give the bonds *389 by representations that the judgment was bona fide, and of injury that had resulted to him from the misrepresentations, this'evidence might have sustained the affirmative of the issue.
The circuit judge seems to have supposed that it was incompetent to inquire concerning the judgment. No doubt, that judgment was binding between the parties, and was conclusive of the indebtedness of the defendants in the judgment to the assignee of the judgment, as, before the assignment, to the plaintiff in the judgment. But it will be seen that the inquiry, needful in investigating the alleged fraud, and really proposed, was not into the validity of the judgment, but into its money value. A fraudulent judgment, good between the parties, but void as to creditors of the defendant in the judgment, when imposed upon a purchaser as a bona fide jttdgment, is just like a mortgage in similar circumstances. If the purchaser might shew that he had been defrauded by deceitful representations concerning the character and value of the mortgage, so should he be permitted to shew the like representations concerning the judgment, whereby he was induced to purchase, as valuable, that which was worthless and unproductive.
Very difficult questions may hereafter arise in the case: shall any fraud established, sustain the plea, and thereby defeat the whole bonds? — or may there be an assessment of the sum really due on the conditions of the bonds, after abatement for'the fraud ? If the former, shall the defendant, who, by the fraud, has lost something, still retain the judgment, without inquiry into its value? — and, if so, shall this be a total loss to the plaintiff, or may he, by other proceeding, recover back the true value of the judgment ? If the latter, shall the abatement, for loss by the fraud, be absolutely of the whole amount of loss, or only .relatively of that amount, adjusted according to the proportion between the price paid for the judgment and its nominal amount, or between the price paid and the real value of the judgment?
Most of these questions would have been avoided if the defendant, according to our practice, in admitting these *390 equitable defences to actions on bonds, had claimed, by way of discount, damages for the failure of the consideration of the bonds by deceit or otherwise ; and, perhaps, upon some of the questions, a judgment more suitable to the practice of a law court might have been obtained by different pleading on the part of the plaintiff. Having been brought-into this discussion, these questions are now only hinted at, that it may be seen they have not been decided, and that the parties may shape their courses according to the views they may respectively take of them. The motion is granted.
Richardson, Evans, Butler and Frost, JJ. concurred.